IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |
|---|---|
| MARIA RIVIERE, on behalf of herself and others similarly situated, : : : : Plaintiff, : v. : : : BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., GUIDEWELL MUTUAL HOLDING CORPORATION, and HEALTH OPTIONS, INC., : : : : : Defendants. : | COLLECTIVE ACTION JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Maria Riviere ("Plaintiff") through her undersigned counsel, individually, and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), GuideWell Mutual Holding Corporation ("GuideWell"), and Health Options, Inc. ("Health Options") (collectively, "Defendants" or "Florida Blue"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### INTRODUCTION

1. Florida Blue - the largest health insurer in Florida - only reimburses providers for the cost of healthcare services that meet pre-determined and objective criteria for coverage under members' health plans. With over five (5) million members, Florida Blue receives thousands of

authorization requests from healthcare providers for insurance coverage and payment per day. To process this immense volume of requests, Florida Blue relies on a workforce of utilization review nurses who input easily-identifiable data into an online application that generates coverage determinations. As Florida Blue emphasizes in its own policies and in the defense of litigation arising from payment denials, its utilization review employees are responsible *solely* for determining if the authorization requests meet standardized and well-established criteria for coverage under members' health plans.

2. This case is about Defendants' knowing and improper classification of Plaintiff and other similarly situated utilization review nurses as exempt from the FLSA, who, as a result, did not receive overtime pay for hours worked in excess of forty (40) hours in a workweek.

3. On information and belief, the putative FLSA Collective consists of all individuals employed by Florida Blue to conduct utilization reviews under different job titles including, but not limited to, "Utilization Review Nurse," "Registered Nurse," "Concurrent Review and Discharge Nurse," "Medicare Pre-Service Medical Review Nurse RN," "Medical Review Nurse," "Transitional Review Nurses," "Medical Review Nurse LPN," "Concurrent Review RN," and "Clinical Review Nurse" (collectively, "utilization review nurses").

**JURISDICTION AND VENUE**

4. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants conduct business in this District and the claim arose in this District.

**PARTIES**

6. Plaintiff Maria Riviere is a citizen of Florida and resides in Miami, Florida. Plaintiff

worked for Defendants as a Concurrent Review Nurse in Florida from May 2017 to March 2019. Plaintiff performed similar job duties in both of these positions. Pursuant to 29 U.S.C. § 216(b), Plaintiff written consent to join this action is attached as Exhibit A.

7. Defendant Blue Cross and Blue Shield of Florida, Inc. is a corporation organized under the laws of Florida with principal offices in Jacksonville, Florida. Blue Cross and Blue Shield of Florida, Inc., an independent licensee of the Blue Cross and Blue Shield Association, provides insurance coverage and related services and products to over five (5) million Floridians.

8. Defendant Health Options, Inc. is a corporation organized under the laws of Florida with principal offices in Jacksonville, Florida. Health Options, Inc., an independent licensee of the Blue Cross and Blue Shield Association, is a wholly-owned subsidiary of Blue Cross and Blue Shield of Florida, Inc. and sells health maintenance organization ("HMO") plans and related services and products within the State of Florida.

9. Defendant GuideWell Mutual Holding Corporation ("GuideWell") is a corporation organized under the laws of Florida with principal offices in Jacksonville, Florida. GuideWell is the parent company of Blue Cross and Blue Shield of Florida, Inc. and the two corporations are directed by common leadership, including the same chairman and chief executive officer, Patrick Geraghty.

10. According to its website, GuideWell "touches the lives of more than 27 million health care consumers across 34 states" and "the District of Columbia."[1] In 2018, GuideWell generated $19 billion in revenue.[2] GuideWell is involved in the day-to-day operations of

---

[1] GuideWell, Our Story https://careers.guidewell.com/us/en/our-story (last visited July 4, 2020)
[2] Mark Basch, Jacksonville-based GuideWell had $19 billion in revenue, JACKSONVILLE DAILY RECORD, July 19, 2019, https://www.jaxdailyrecord.com/article/jacksonville-based-guidewell-had-dollar19-billion-in-revenue (last visited July 4, 2020)

3

Defendants' utilization review program, including in the hiring of utilization review nurses.[3]

11. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of Defendants.

12. During times relevant, Plaintiff was an employee of Defendants and is covered by the FLSA.

13. Defendants are an employer covered by the FLSA.

14. Defendants employ individuals, including utilization review nurses, in Florida, as well as potentially other states.

15. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

16. Defendants' annual gross sales exceed $500,000.

## **COLLECTIVE DEFINITION**

17. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following collective class:

> All individuals who worked for Florida Blue who conducted utilization reviews in the United States between three years from the filing date of this Complaint and the present and who were not paid overtime (the "FLSA Collective").

18. Plaintiff reserves the right to redefine the FLSA Collective prior to notice or certification, and thereafter, as may be warranted or necessary.

---

[3] LinkedIn, Nurse - Clinical Review, https://www.linkedin.com/jobs/view/nurse-clinical-review-at-guidewell-1901941872 (last visited July 4, 2020)

## FACTS

19. Florida Blue provides health insurance to over five (5) million Floridians through private health insurance plans and federal contracts with the Centers for Medicare & Medicaid Services.

20. Florida Blue reimburses providers for the provision of healthcare services and treatments only if all criteria for insurance coverage under members' health plans are met.

21. Florida Blue requires providers to submit authorization requests before rendering most services.

22. Florida Blue makes determinations of insurance coverage for proposed and rendered healthcare services uniformly by systematically reviewing authorization requests against standardized and well-established criteria.

23. These reviews are called "utilization reviews."

24. On information and belief, the standardized and well-established criteria used in Defendants' utilization reviews include, but are not limited to: "InterQual Criteria," developed by the McKesson Corporation.

25. Defendants' use of prescribed standards and well-established criteria and guidelines eliminates shifting standards of review and allows Florida Blue to consistently make objective, equitable, and evidence-based decisions regarding its members' access to healthcare services and treatments.

26. Florida Blue's approval of authorization requests are the result of rote reviews of coverage under members' health plans and do not constitute medical opinions or clinical judgments about providers' treatment plans or its members' health.

27. On its website, Florida Blue affirms that it is not responsible for any "decisions that

require or pertain to independent professional medical/clinical judgment or training, or the need for medical services…"[4]

### The Non-Exempt Nature of Plaintiff's and Other Utilization Review Employees' Work

28. Plaintiff and those similarly situated have/had the primary duty of conducting utilization reviews, which consists of applying pre-determined criteria and guidelines to authorization requests submitted by healthcare providers for coverage and payment purposes.

29. Plaintiff and other utilization review nurses worked for Florida Blue remotely.

30. On a daily basis, Defendants' utilization review nurses collectively conduct thousands of utilization reviews.

31. Florida Blue's utilization reviews consist of extracting objective data from electronic medical records and entering that data into an online application that, *on its own*, determines if an authorization request meets the criteria for insurance coverage as defined by a member's health plan.

32. Florida Blue's utilization review nurses are required to use an online application to conducted their reviews.

33. Utilization review nurses are required to use the online application for their reviews and are prohibited from deviating from its instructions and decisions.

34. Utilization review nurses select answers to the questions on the basis of the objective and easily identifiable information recorded in members' electronic medical records, which appear in the online application along with the providers' authorization requests.

35. If the online application determines that the requested service or treatment satisfies coverage criteria under a member's health plan, it indicates this with the color green.

---

[4] Florida Blue, Health Plans and Programs, https://www.floridablue.com/employers/plans-services/health-insurance (last visited July 4, 2020)

36. If the online application determines that the requested service or treatment does not meet the coverage criteria under a member's health plan, it indicates this with the color red.

37. Authorization requests that do not meet coverage criteria under a member's health plan are automatically sent to a licensed physician employed by Florida Blue for his or her review.

38. Licensed physicians employed by Florida Blue are the only individuals with the authority to deny treatment requests.

39. Utilization review nurses do not have the authority to override decisions rendered by the online application and/or the licensed physicians employed by Florida Blue.

40. Florida Blue hires both Registered Nurses and Licensed Practical Nurses to complete utilization reviews.

41. Utilization review nurses do not directly or indirectly engage with patients.

42. Utilization review nurses do not negotiate with providers.

43. As Florida Blue employees, utilization review nurses do not engage in nursing of any nature (*e.g.*, bedside, telehealth, etc.) and do not supply any medical care or recommendations in a clinical or non-clinical setting regarding members' care.

### Plaintiff and Collective Members Did Not Receive Overtime

44. Plaintiff worked five (5) days per week, typically between fifty (50) and sixty (60) hours per week.

45. Although the workload assigned to Plaintiff and other FLSA Collective members typically required them to work more than forty (40) hours per week, Defendants failed to pay them one and one-half (1 ½) times their regular rate of pay for hours in excess of forty (40) hours per week, as required by the FLSA.

46. For example, between January 28, 2019 and February 1, 2019, Plaintiff estimates

that she worked approximately 55 hours and did not receive overtime pay for those overtime hours.

47. Plaintiff and other utilization review nurses were misclassified as exempt and were not paid overtime compensation

### Defendants Willfully Violated the FLSA

48. Defendants and its senior management had no reasonable basis to believe that Plaintiff and Collective Members were exempt from the FLSA overtime provisions. Rather, Defendants either knew or acted with reckless disregard for clearly applicable FLSA provisions in misclassifying Plaintiff and the FLSA Collective as exempt and failing to pay them overtime. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendants' actions and/or failures to act.

49. Defendants knowingly, or with reckless disregard, failed to make, keep, and preserve records with respect to Plaintiff and other members of the FLSA Collective sufficient to determine their lawful wages, actual hours worked and other conditions of employment as required by federal law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

### COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

50. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

51. Plaintiff desires to pursue her FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

52. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, inter alia, all such individuals worked pursuant to Defendants'

previously described common pay practices and, as a result of such practices, were not paid for all hours worked when they worked more than forty (40) hours per week and were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

53. Specifically, Defendants failed to pay overtime at one and one-half (1 ½) times the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

54. The similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendants use.

55. Defendants employ many FLSA Collective Members throughout Florida, and possibly elsewhere. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail and/or other appropriate means, and should be allowed to opt in to it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
## Violation of the FLSA
## (On Behalf of Plaintiffs and the FLSA Collective)

56. All previous paragraphs are incorporated as though fully set forth herein.

57. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

58. Defendants are subject to the wage requirements of the FLSA because Defendants are an "employer" under 29 U.S.C. § 203(d).

59. At all relevant times, Defendants were an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

60. During all relevant times, Plaintiff and the FLSA Collective were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

61. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

62. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

63. Defendants' compensation scheme applicable to Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

64. Defendants knowingly failed to compensate Plaintiff and the FLSA Collective for all hours worked when they worked in excess of forty (40) hours per week and failed to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

65. Defendants also failed to make, keep, and preserve records with respect to Plaintiff and the FLSA Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

66. In violating the FLSA, Defendants acted willfully and with reckless disregard of

clearly applicable FLSA provisions.

67. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

d. Liquidated damages to the fullest extent permitted under the law;

e. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court;

f. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: September 4, 2020                Respectfully submitted,

**VARNELL & WARWICK, P.A.**

By:   /s/ Janet R. Varnell
      Janet R. Varnell; FBN: 0071072

Brian W. Warwick; FBN: 0605573
Matthew T. Peterson, FBN: 1020720
Erika Willis, FBN: 10021
1101 E. Cumberland Ave., Suite 201H, #105
Tampa, Florida 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com
mpeterson@varnellandwarwick.com
ewillis@varnellandwarwick.com
kstroly@varnellandwarwick.com

/s/ Sarah R. Schalman-Bergen
Sarah R. Schalman-Bergen, *pro hac vice forthcoming*
Camille Rodriguez, *pro hac vice forthcoming*
Krysten Connon, *pro hac vice forthcoming*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Tel.: (215) 875-3000
Fax: (215) 875-4620
sschalman-bergen@bm.net
crodriguez@bm.net
kconnon@bm.net

and

**NICHOLS KASTER, PLLP**

/s/Rachhana T. Srey
Rachhana T. Srey, MN Bar No. 340133*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com

*Motion for Admission Pro Hac Vice forthcoming*

*Attorneys for the Plaintiff and the Proposed FLSA Collective*