UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-23709-ALTONAGA/GOODMAN

MARIA RIVIERE, on behalf of herself )
and others similarly situated, )
                                           )
                Plaintiff, )
                                           )
vs. )
                                           )
BLUE CROSS AND BLUE SHIELD OF )
FLORIDA, INC., GUIDEWELL )
MUTUAL HOLDING CORPORATION, )
and HEALTH OPTIONS, INC., )
                                           )
                Defendants. )
_____)

**JOINT MOTION FOR APPROVAL OF
THE SETTLEMENT AGREEMENT PURSUANT TO THE OFFER OF JUDGMENT
AND ATTORNEYS' FEES AND COSTS**

Plaintiff Maria Riviere ("Plaintiff") and Defendants Blue Cross and Blue Shield of Florida, Inc., GuideWell Mutual Holding Corporation, and Health Options, Inc. (collectively, "Defendants") (together, the "Parties"), through their undersigned counsel, file this Joint Motion to Approve the Settlement Agreement Pursuant to the Offer of Judgment and Attorneys' Fees and Costs. In support thereof, the Parties state as follows:

1. On September 4, 2020, Plaintiff filed a Collective Action Complaint alleging that Defendants violated the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 et seq. ("FLSA"), by misclassifying her as exempt and failing to properly pay her overtime wages for all of the hours she worked. (Dkt. No. 1.)

2. Plaintiff filed her Statement of Claim on September 18, 2020. (Dkt. No. 5.)

3. Defendants responded to Plaintiff's Complaint on November 9, 2020 and

responded to Plaintiff's Statement of Claim on December 2, 2020. (Dkt. Nos. 31, 51.)

4. Defendants disputed that they employed Plaintiff and disputed that Plaintiff was misclassified and that they owed Plaintiff any overtime wages at all.

5. On December 2, 2020, Defendants served a Fed. R. Civ. P. 68 offer of judgment on Plaintiff for $25,000, exclusive of attorneys' fees and costs.

6. Plaintiff accepted the Rule 68 offer of judgment and filed her acceptance with the Court on December 11, 2020. (Dkt. No. 55.)

7. On January 4, 2020, the Parties executed a Settlement Agreement and Release of Claims Pursuant to the Offer of Judgment. *See* Exhibit A (attached hereto).

8. The Parties discussed and separately negotiated the amount to be paid to Plaintiff's counsel for attorneys' fees and costs. Defendants have agreed to pay Plaintiff's counsel $90,000.00 for fees and costs.

9. Counsel experienced in litigating claims arising under the FLSA represented each of the Parties.

10. The Parties agree the settlement is fair and reasonable in all respects and was not the product of fraud or collusion.

11. The settlement resolves a *bona fide* dispute regarding liability and damages and allows the Parties to avoid the costs and uncertainty of further litigation.

12. Court approval is required of an FLSA settlement that compromises an employee's claim. *See* 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). Accordingly, the Parties seek this Court's approval of the instant settlement. In furtherance thereof, the Parties jointly submit that their settlement agreement is a fair and reasonable resolution of the dispute between the Parties.

Thus, for the reasons detailed below, the Parties respectfully request that the Court:

    a. Approve the Settlement Agreement and Release of Claims Pursuant to the Offer of Judgment as fair and reasonable;

    b. Enter judgment in favor of Plaintiff Maria Riviere and against Defendants Blue Cross and Blue Shield of Florida, Inc., GuideWell Mutual Holding Corp. and Health Options Inc. in the amount of Twenty-Five Thousand dollars ($25,000.00);

    c. Approve Plaintiff's attorneys' fees and costs in the amount of Ninety Thousand Dollars ($90,000.00); and

    d. Dismiss the matter with prejudice.

## MEMORANDUM OF LAW

The FLSA provides that employers who violate its provisions "shall be liable to the employee … affected in the amount of their unpaid minimum wages or their unpaid overtime compensation, as the case may be…." 29 U.S.C. § 216(b). *Reams v. Michael Angelo Rest., Inc.*, 7:19-cv-53 (HL), 2019 WL 6898656, at *1 (M.D. Ga. Dec. 18, 2019). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Crabtree v. Volkert, Inc.*, 11-0529-WS-B, 2013 WL 593500 at *2 (S.D. Ala. Feb. 14, 2013) (citing *Lynn's Food*, 679 F. 2d at 1353).

In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

    (1) the existence of fraud or collusion behind the settlement;
    (2) the complexity, expense, and likely duration of the litigation;
    (3) the stage of the proceedings and the amount of discovery completed;
    (4) the probability of Plaintiff's success on the merits;
    (5) the range of possible recovery; and
    (6) the opinions of counsel.

*See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at*2-3 (M.D. Fla. Jan. 8, 2007).

"If the proposed settlement agreement reflects 'a fair and reasonable resolution of a *bona fide* dispute,' a court can approve the settlement 'to promote the policy of encouraging settlement of litigation.'" *Reams*, 2019 WL 6898656, at *2 (citing *Lynn's Food,*, 679 F. 2d at 1354,1355). The standard for approval of a proposed settlement under the FLSA requires only the court's determination that the proposed settlement "is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food*, 679 F. 2d at 1355. "In reviewing FLSA settlements under *Lynn's Food*, courts 'should be mindful of the strong presumption in favor of finding a settlement fair.'" *Crabtree,* 2013 WL 593500, at *3 (citation omitted); *Wingrove v. D.A. Tech., Inc.*, No. 1:10–CV–3227–HLM–WEJ, 2011 WL 7307626, at *2 (N.D. Ga. Feb. 11, 2011) ("strong presumption" that FLSA settlements are fair and reasonable).

### A. A *Bona Fide* Dispute Over FLSA Provisions Existed Between the Parties

A proposed settlement resolves a *bona fide* dispute where its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Lynn's Food*, 679 F.2d at 1354. *Reams,* 2019 WL 6898656, at *2. *Crankshaw v. NCL Corp.*, No. 16-cv-20415-GAYLES, 2018 U.S. Dist. LEXIS 42788, at *8 (S.D. Fla. Mar. 14, 2018) (approving settlement which resolved *bona fide* dispute with respect to whether the employees are entitled to overtime under FLSA and amount of compensation due).

Here, the Parties disagreed on numerous legal and factual issues that would have impacted the case moving forward, including, but not limited to, the following:

1) the amount of time that Plaintiff spent performing her work;

2) whether Plaintiff's classification as an exempt employee violated the FLSA;

3) whether Defendants would be held liable for the alleged pay violations as a joint employer;

4) whether Plaintiff and/or Defendants would appeal a myriad of legal or factual determinations, including collective action treatment, liability, and damages.

Ultimately the Settlement Amount represents a compromised resolution on these issues, as well as others, that accounts for the risks that the Parties would face if the case proceeded in litigation and provides certain and immediate and meaningful payment to Plaintiff.

### B. The Settlement Is Fair and Reasonable

The proposed Settlement in this case meets the standard for approval of an FLSA Settlement because it is a fair and reasonable compromise of disputed issues under *Lynn's Food Stores*.

#### 1. There Was No Fraud or Collusion Between the Parties

The settlement reached represents an excellent result for Plaintiff. There is no fraud or collusion with respect to this proposed Settlement.

The Settlement Amount is based on extensive and appropriate investigation, including an analyses of Plaintiff's potential damages. Ultimately, represented by experienced Counsel, the Parties have agreed to this Settlement as a fair and reasonable resolution of the action. *See Crabtree*, 2013 WL 593500, at *3 (court's conclusion that settlement is reasonable is "reinforced by the fact that plaintiffs were ably represented during the settlement negotiations by capable, experienced counsel with extensive experience in complex employment law cases."). Accordingly, these factors support approval of the Settlement.

    a. **The Settlement is Fair and Reasonable In View of the Complexity, Expense, and Likely Duration of the Litigation, and the Range of Recovery**

The Settlement provides an excellent result to Plaintiff.  The Settlement provides Plaintiff

a certain, substantial and immediate payment and averts years of continued complex, time-consuming, and expensive litigation, with no assurance of success.

### b.       The Stage of the Proceedings and Discovery Completed

Under this factor, the court considers "the degree of case development that [ ] counsel have accomplished prior to settlement" to ensure that "counsel had an adequate appreciation of the merits of the case before negotiating." *George v. Academy Mortg. Corp. (UT)*, 369 F. Supp. 3d 1356, 1370 (N.D. Ga. 2019. "At the same time, '[t]he law is clear that early settlements are to be encouraged, and accordingly, only some reasonable amount of discovery should be required to make these determinations.'" *Id*. at 1371 (citation omitted).

Here, the Offer of Judgment was accepted after thorough investigation and analysis of the facts and law related to the claims, and continuous development of the facts through interviewing Plaintiff, including Plaintiff's Counsel's review and analysis of Plaintiff's payroll and timekeeping records. *See id.* ("Counsel's review of the payroll, class identification, and other documents produced positioned them to evaluate with confidence the strengths and weaknesses of Plaintiffs' claims…"). At the time the Offer of Judgment was made and accepted, the Parties had already commenced serving and responding to discovery. Counsel for Plaintiff and Defendants – who have experience in litigating wage and hour cases like this one – were familiar with the applicable law and facts and with the risks attendant in continuing to pursue the litigation.

### c.       The Risks of Achieving Success on the Merits

"The 'likelihood and extent of any recovery from the defendants absent … settlement' is another important factor in assessing the reasonableness of a settlement." *Id*. (citation omitted). A trial on the merits would involve significant risks based on the disputed issues identified in Section A *supra*. In addition, as in any FLSA case, there was a risk that the Plaintiff would not succeed in obtaining conditional certification and maintaining a collective through trial.

6

While each party believes the case was very strong in their favor, the outcome of the litigation was far from certain, and would require significant factual development. Moreover, any verdict at trial could be delayed based on any appeals. These likely risks attending to Plaintiff's claims and the certain delay and expense of continued litigation further counsel in favor of final approval of this Settlement.[1]

### 2. The Proposed Settlement Furthers the Purpose of the FLSA

Finally, the Settlement Agreement contains no provisions that would be contrary to the purposes of the FLSA or frustrate the implementation of the FLSA in the workplace. The Settlement Agreement furthers the purposes of the FLSA by providing Plaintiff with substantial recovery for her unpaid wages and overtime she may have otherwise been unable to recover. *See* 29 U.S.C. § 202 (congressional finding and declaration of policy); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945) ("The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency....").

### C. The Court Should Approve Plaintiff's Counsel's Fees and Approve Reimbursement of their Out-of-Pocket Costs

Finally, Plaintiff's Counsel's fee and cost request, which were separately negotiated after Plaintiff accepted the Offer of Judgment and without regard to the amount Plaintiff would receive, is reasonable and should be approved. Plaintiff's Counsel's requested fees and costs were carefully negotiated by the Parties. "When parties engage in arm's length negotiations to arrive at a mutually

---

[1] *See Lockwood*, 2019 WL 2226126 at *9 ("Without a settlement, the parties would have to proceed to trial, and the plaintiffs would risk receiving nothing. The parties and their counsel believe this is a reasonable settlement."); *Crabtree*, 2013 WL 593500 at *3) (finding FLSA settlement reasonable, because even if plaintiffs had prevailed in proving liability, defendant may have prevailed in demonstrating good faith, such that no liquidated damages award was appropriate).

agreeable amount of attorneys' fees, the Court should give considerable weight to the parties' agreement." *In re Arby's Rest. Grp., Inc. Data Security Litig.*, No. 1:17-cv-1035-WMR, 2019 WL 2720818, at *2 (N.D. Ga. June 6, 2019).

District courts in this Circuit have held that the court's scrutiny of the reasonableness of the fees is unnecessary in an FLSA settlement where "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).[2] Here, the fees were separately negotiated based on Plaintiff's Counsel's lodestar. For this reason, the Court need not separately evaluate the reasonableness of the fee award in approving the settlement.

### 1. Plaintiff's Counsel Fees Sought Are Reasonable

To the extent the Court engages in an analysis of the reasonableness of the fee, the Eleventh Circuit uses the lodestar approach elected by the U.S. Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) as a "starting point" because it yields an "objective estimate of the value of a lawyer's services." *Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). The lodestar is calculated by "multiply[ing] hours reasonably expended by a reasonable

---

[2] *See also Urbas v. Nutritious Lifestyles, Inc.*, No. 3:19-cv-855-J-34PDB, 2020 WL 264686, at *3 (M.D. Fla. Jan. 2, 2020) ("If the parties negotiated attorney's fees separately from the amount to the plaintiff, the court need not undertake a lodestar review of the attorney's fees for reasonableness"); *Campbell v. Pincher's Beach Bar Grill, Inc.*, No. 2:15-cv-695-FtM-99MRM, 2017 WL 3700629, at *4 (M.D. Fla. Aug, 24, 2017) ("If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."); *Wing v. Plann B. Corp.*, No. 6:11–cv–1499–Orl–36GJK, 2012 WL 4746258, at *4 (M.D. Fla. Sept 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel.").

hourly rate." *Id*. (citing *Hensley*, 461 U.S. at 433).

Courts in this circuit have applied the *Hensley* lodestar framework to fee-award determinations for claims brought under the FLSA. *See, e.g., Lockwood*, 2019 WL 2226126 at *13; *Reams,* 2019 WL 6898656 at *3 (applying lodestar approach to FLSA settlement agreement). The lodestar approach may also be used to "cross-check" the reasonableness of the fee "[e]ven when utilizing the percentage of the common fund approach." *Arby's,* 2019 WL 2720818 at *2.

Here, Plaintiff's Counsel's requested attorneys' fee of $90,000.00 is *less* than their actual current lodestar of $103,952.50. *See* Exhibit B, Declaration of Rachhana Srey Decl. ¶ 6; Exhibit C, Declaration of Camille Fundora Rodriguez ¶¶ 6, 10.[3] The proposed attorneys' fees award of $90,000.00 represents a significant reduction – only approximately 85% of Plaintiffs' Counsel's actual current lodestar after expenses are first deducted. "This fact, standing alone, strongly suggests that the amount of fees requested here are reasonable and fair." *Arby's,* 2019 WL 2720818 at *3. Moreover, the requested fee does not account for all of the work that will be necessary to bring this Settlement to completion, which will further increase the actual lodestar (but not the fee), thereby further reducing the fee as percentage of lodestar.[4]

---

[3] Plaintiff's Counsel have attached the Declarations of Rachhana T. Srey (Ex. B) and Camille Fundora Rodriguez (Ex. C) and the time and costs summary from Janet Varnell (Ex. D), which detail the time worked by their firms on this lawsuit, along with the hourly billing rates of the legal professionals who were assigned to the case. Plaintiff's Counsel has expended over 228 hours and incurred attorneys' fees in the total amount of $103,952.50 from inception of this litigation to date, not including the additional work that will be necessary to finalize the settlement and bring this case to a conclusion. Plaintiffs' Counsel's hourly rates are reasonable and have been approved by Courts across the country. *See* Ex. C, Rodriguez Decl. ¶ 8.

[4] *Crankshaw*, 2018 U.S. Dist. LEXIS 42788, at *15-16 (approving "compromise fee" of $300,000 which was less than plaintiffs' counsel's lodestar of $435,716.50, especially since results achieved were excellent considering possibility of non-recovery); *Tam Su v. Elec. Arts, Inc.,* No. 6:05-cv-131-Orl-28JGG, 2006 WL 4792780, at *5 (M.D. Fla. Aug. 29, 2006) (finding negotiated fee reasonable where fee sought was *less* than actual lodestar and uncontested by defendants); *Reams,*

The time spent was reasonable in light of the circumstances, was the result of arms' length negotiation with Defendants, and ultimately, the requested fee award is significantly lower than Plaintiff's Counsel's expended lodestar, and will also compensate Plaintiff's Counsel for all of the unpaid work performed in service of securing an excellent settlement for Ms. Rivere. The Court should approve the requested attorneys' fees as fair and reasonable.

Plaintiff's Counsel's costs total $2,032.30 and are detailed in Plaintiff's Counsel's accompanying Declarations. *See* Ex. B, Srey Decl. ¶ 6; Ex. C, Rodriguez Decl. ¶ 18; Ex. D, Varnell Summary. These costs include reasonable out-of-pocket expenditures. *See, e.g.*, *Reams,* 2019 WL 6898656 at *4 (reimbursing counsel's payments for filing and mediation fees); *George,* 369 F. Supp. 3d at 1383 (reimbursing counsel for expenses paid as reasonable and necessary, noting that Counsel had lost the use of that money during the time of the litigation).

The expenses reflected in the accompanying Declarations are of the type typically billed by attorneys to paying clients, and include court costs, travel costs, and computerized legal research. All expenses were reasonable and necessary for the prosecution of this litigation. Plaintiff's Counsel advanced these costs, with the significant likelihood of no recovery. These costs are included in the negotiated fees and costs and should be approved as reasonable.

### D.  CONCLUSION

Based upon the foregoing reasons, the Parties respectfully request that the Court grant the Joint Motion and enter the accompanying Proposed Order.

Dated: January 4, 2021                                      Respectfully submitted,

/s/Janet R. Varnell                                                 /s/ Stephanie L. Adler-Paindiris
**VARNELL & WARWICK, P.A.**                      Stephanie L. Adler-Paindiris
Janet R. Varnell; FBN: 0071072                         Florida Bar No. 0523283

---

2019 WL 6898656 at *4 (awarding requested fee which was *less* than the lodestar, because "[t]he lodestar is 'presumed to be the reasonable fee,' and therefore, the settlement's proposed fee award, near the lodestar figure, is also reasonable").

Brian W. Warwick; FBN: 0605573
Matthew T. Peterson, FBN: 1020720
Erika Willis, FBN: 10021
1101 E. Cumberland Ave., Suite 201H, #105
Tampa, Florida 33602
Telephone: (352) 752-8600
Facsimilie: (352) 504-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com
mpeterson@varnellandwarwick.com
ewillis@varnellandwarwick.com
kstroly@varnellandwarwick.com

**NICHOLS KASTER, PLLP**

Rachhana T. Srey, Admitted Pro Hac Vice
Caroline E. Bressman, Admitted Pro Hac Vice
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
srey@nka.com
cbressman@nka.com

and

**BERGER MONTAGUE PC**
Camille Fundora Rodriguez, Admitted Pro Hac Vice
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4620
crodriguez@bm.net

*Attorneys for Plaintiff and the Punitive FLSA Collective*

stephanie.adler-paindiris@jacksonlewis.com
Amanda A. Simpson
Florida Bar No. 0072817
amanda.simpson@jacksonlewis.com
**JACKSON LEWIS P.C.**
390 North Orange Avenue,
Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Telephone:   (407) 246-8441

Valerie L. Hooker
Florida Bar No. 113688
**JACKSON LEWIS P.C.**
One Biscayne Tower
Two South Biscayne Blvd., Suite 3500
Miami, Florida 33131-2374
(305) 577-7648
valerie.hooker@jacksonlewis.com

Caitlin M. Goforth
North Carolina Bar No. 49227
**JACKSON LEWIS P.C.**
3737 Glenwood Avenue, Suite 450
Raleigh, North Carolina 27612
(919) 760-6481
caitlin.goforth@jacksonlewis.com

*Attorneys for Defendants*

11